NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted November 10, 2016[*]

Decided November 14, 2016

Before

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 16-3041 <br><br> SANDRA RIEDERER, <br>     *Plaintiff-Appellee,* <br><br>       *v.* <br><br> UNITED HEALTHCARE SERVICES, INC., <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 15-C-1292 <br> William C. Griesbach, <br> *Chief Judge.* |

**Order**

Sandra Riederer brought this suit as a class action on behalf of persons employed by United Healthcare, which asked the district court to refer the proceeding to a series of arbitrations, one for each employee. The district court denied this motion, observing that *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th

---

[*] We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

Cir. 2016), held invalid a contractual waiver of employees' opportunity to proceed collectively. United immediately appealed on the authority of 9 U.S.C. §16(a). It concedes that *Lewis* is dispositive but contends that it is wrongly decided and asks us to overrule it. Yet *Lewis* was circulated before release to all active judges under Circuit Rule 40(e), and none favored a hearing en banc. There is an entrenched conflict among the circuits on the question in *Lewis*, and this court's reconsideration could not spare the Supreme Court the need to resolve the conflict. Multiple petitions for certiorari in cases presenting this question are pending before the Supreme Court. That is the right forum for United's arguments.

AFFIRMED